IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RAY MASON | § | |
| (TDCJ No. 736893), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:00-cv-731-M-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

In January 2017 – in a habeas action that the Court closed in July 2000 – Petitioner Charles Mason filed a Motion for Enforcement of Order. *See* Dkt. No. 15. Because the motion, as filed, appeared to request federal-habeas review under 28 U.S.C. § 2254, the Court issued two notices of deficiency, *see* Dkt. Nos. 16 & 18, and Mason now has presented his Section 2254 claims on a proper form, *see* Dkt. No. 19; *see also* Rule 2(c), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. For the reasons explained below, the habeas application should be dismissed under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Mason's right to fully exhaust his state court remedies.

## Applicable Background

Mason is serving a life sentence after being convicted of two counts of aggravated sexual assault of a child under 14. Both convictions were affirmed on

appeal, and the Texas Court of Criminal Appeals (the "CCA") refused Mason's petitions for discretionary review. *See Mason v. State*, Nos. 05-95-01632-CR & 05-95-01633-CR, 1998 WL 805160 (Tex. App. – Dallas Nov. 23, 1998); *Mason v. State*, PD-0165-99 & PD-0166-99 (Tex. Crim. App. May 19, 1999).

On July 6, 2000, this Court denied without prejudice Mason's initial federal habeas application because that application included claims that Mason failed to present to the CCA for review. *See* Dkt. Nos. 9, 13, & 14; *see also Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990) (a federal habeas petition that contains unexhausted claims generally must be dismissed in its entirety).

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction

relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

From the face of Mason's current habeas application, it is apparent that he still

has not afforded the state courts (including the CCA, as the applicable highest state court) the first opportunity to address the substance of the claims he now raises in this Court. *See* Dkt. No. 19 at 3-4, 16.

Mason claims that, after this Court dismissed his initial Section 2254 habeas application without prejudice, he "was prevented from being able to properly research claims and draft his [a]pplication for relief." *Id.* at 16 (citing *Mason v. Wood*, 282 S.W.3d 189 (Tex. App. – Beaumont 2009, no pet. h.)).

The state appellate court decision Mason cites reversed a trial court's decision to dismiss "all of Mason's claims that are subject to the inmate grievance system," including Mason's claim that he was prevented "from filing a post-conviction petition for writ of habeas corpus." *Id.* at 194. The state court of appeals did not address the merits of that claim "[b]ecause [it was] being remanded to the trial court on other grounds," *id.*, and Mason's citation to that decision now does not present grounds to excuse his failure to seek state habeas relief before filing the current federal petition.

Mason therefore has failed to exhaust state court remedies in a procedurally correct manner, and his amended Section 2254 petition should be dismissed without prejudice under Rule 4. *See, e.g., Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

## Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should

dismiss the construed 28 U.S.C. § 2254 habeas application, *see* Dkt. Nos. 15 & 19, without prejudice to Mason's right to fully and properly exhaust state court remedies. And the Court should direct that the Clerk of the Court serve any order accepting this recommendation on the Texas Attorney General and open for statistical purposes a new Section 2254 case (nature of suit 530 directly assigned, per Special Order 3-250, to Chief Judge Barbara M. G. Lynn and United States Magistrate Judge David L. Horan) and close the same on the basis of any order accepting this recommendation.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the construed habeas petition, along with any attachments thereto and brief in support thereof, *see* Dkt. Nos. 15 & 19, on the Texas Attorney General, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 24, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE